Attorney for Plaintiff:

D. ANGUS LEE
angus@anguslylaw.com
Angus Lee Law Firm, PLLC
9208 NE Highway 99 Ste 107277
Vancouver, WA  98665-8986
(360) 635-6464
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STEVEN KLUG, <br><br> PLAINTIFF, <br><br> vs. <br><br> COUNTY OF CLARK; CHUCK ATKINS, IN HIS OFFICIAL CAPACITY AS SHERIFF OF THE CLARK COUNTY SHERIFF'S OFFICE; JACK PHAN, INDIVIDUALLY AND AS AN EMPLOYEE OF CLARK COUNTY SHERIFF'S OFFICE, DAN BROWN, INDIVIDUALLY AND AS AN EMPLOYEE OF CLARK COUNTY SHERIFF'S OFFICE, JARED STEVENS, INDIVIDUALLY AND AS AN EMPLOYEE OF CLARK COUNTY SHERIFF'S OFFICE, <br><br> DEFENDANTS. | No. <br><br> **COMPLAINT FOR DAMAGES AND DEMAND FOR JURY** <br><br> **[JURY DEMAND]** |

ANGUS LEE
LAW FIRM, PLLC

# I.   INTRODUCTION

1.1    This is a civil action brought by plaintiff, Mr. Steven Klug, who was detained and later arrested without probable cause in retaliation for protected speech.

1.2    This action seeks damages against Defendants for committing acts, under color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the United States and Constitution and laws of the State of Washington; for conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff equal protection of laws; and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

1.3    Defendants, while acting in their capacities as law enforcement officers in Clark County, State of Washington, deprived plaintiff of his rights, property, and liberty without due process of law, made an unreasonable detention, arrest, search and seizure of the person and property of plaintiff, deprived plaintiff of his property without due process of law, and thereby deprived plaintiff of his rights, privileges and immunities as guaranteed by the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. and §§ 1983, 1985, 1986, and 1988, and Washington State statutory and common law.

# II.   PARTIES

2.1    Plaintiff STEVEN KLUG was at all times relevant a citizen of the United States residing in Clark County, Washington.

COMPLAINT AND DEMAND
NO.
Wednesday, October 30, 2019

2

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1       2.2    Defendant COUNTY OF CLARK, a municipal corporation, is a

2   lawfully constituted municipal corporation and body politic of the State of

3   Washington, and at all times material to this action operated the Clark County

4   Sheriff's Office.

5       2.3    Defendant, CHUCK ATKINS is and at all times relevant was, a resident

6   of Clark County, Washington, and the duly elected Sheriff of the Clark County

7   Sheriff's Office, acting at all times in his official capacity as Sheriff of the Clark

8   County Sheriff's Office.  As such, Chuck Atkins was the commanding officer of the

9   defendants Jack Phan, Dan Brown, Jared Stevens, and was responsible for their

10  training, supervision, and conduct.  CHUCK ATKINS was also responsible by law

11  for enforcing the regulations of the Clark County Sheriff's Office and for ensuring

12  that Clark County Sheriff's Office personnel obey the laws of the State of

13  Washington and of the United States.  At all relevant times, CHUCK ATKINS was

14  acting in such capacity as the agent, servant, and employee of the defendant Clark

15  County.  CHUCK ATKINS is being sued both in his individual capacity, personal

16  capacity, and official capacity.

17      2.4    Defendant JACK PHAN, is, and at all times relevant was, a resident of

18  Clark County, Washington, and employee of the Clark County Sheriff's Office,

19  acting as a lawfully commissioned law enforcement officer. JACK PHAN is being

20  sued both in his individual capacity, personal capacity, and official capacity.

COMPLAINT AND DEMAND
NO.                                           3
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

2.5     Defendant DAN BROWN, is, and at all times relevant was, a resident of Clark County, Washington, and employee of the Clark County Sheriff's Office, acting as a lawfully commissioned law enforcement officer. DAN BROWN is being sued both in his individual capacity, personal capacity, and official capacity.

2.6     Defendant JARED STEVENS, is, and at all times relevant was, a resident of Clark County, Washington, and employee of the Clark County Sheriff's Office, acting as a lawfully commissioned law enforcement officer. DAN BROWN is being sued both in his individual capacity, personal capacity, and official capacity.

### III.     JURISDICTION AND VENUE

3.1     This action is brought pursuant to 42 U.S.C. §§ 1983, 1985(2),(3) and § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments.

3.2     Jurisdiction is founded on 28 U.S.C. §§ 1331, 1332, and 1343 and the aforementioned statutory and constitutional provisions.

3.3     All parties are resident in or doing business in Clark County Washington, and the Western District, and are citizens of the United States of America of the State of Washington.

3.4     Venue is proper in this District pursuant to 28 U.S.C. § 1391 as a substantial part of the events and omissions giving rise to the claims asserted herein occurred in Clark County, Washington, which is in this district and division.

COMPLAINT AND DEMAND
NO.                                                        4
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

3.5     The complaint is timely filed within the applicable statute of limitations. The appropriate statute of limitations is Washington's three-year statute for personal injury claims. RCW 4.16.080. The United States Supreme Court and the Ninth Circuit have held that 42 U.S.C. § 1983, which does not contain a statute of limitations, adopts the relevant statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261 (1985); *Stanley v. Trustees of California State University*, 433 F.3d 1129 (9th Cir. 2006).

## IV.     FACTUAL ALLEGATIONS

4.1     At all times relevant to this matter, Clark County Sheriff Chuck Atkins was acting under the color of law, and in his official capacity as Sheriff of the Clark County Sheriff's Office.

4.2     At all times relevant to this matter, Clark County Sheriff's Deputy Jack Phan was acting under the color of law.

4.3     At all times relevant to this matter, Clark County Sheriff's Deputy Dan Brown was acting under the color of law.

4.4     At all times relevant to this matter, Clark County Sheriff's Deputy Jared Stevens was acting under the color of law.

4.5     Steven Klug is, and was at all times relevant, a resident of Clark County Washington.

4.6     Mr. Steven Klug has never been convicted of a crime.

COMPLAINT AND DEMAND
NO.
Wednesday, October 30, 2019

5

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1    4.7    Mr. Klug was honorably discharged from the United States Marine

2  Corps.

3    4.8    Mr. Klug is a fitness enthusiast.

4    4.9    Mr. Klug often works out early in the morning, and rides mountain

5  bikes for health and recreation.

6    4.10    Mr. Klug is the owner of a black sports utility vehicle (SUV).

7    4.11    Mr. Klug has owned that SUV for several years and keeps it in good

8  condition.

9    4.12    On the back of Mr. Klug's SUV he often uses a Yakima brand bike

10  holder that attaches at the trailer hitch of his SUV.

11    4.13    That bike rack has a bar that goes straight up from the trailer hitch and

12  then out to the left and right of the center bar so that bikes can be placed on the bar

13  at the rear of the SUV.

14    4.14    This Yakima brand bike rack is, and at all times relevant was, in

15  common usage, and can be seen in usage on the roadways in Washington State.

16    4.15    This same style of bike rack has been used by the Clark County

17  Sheriff's Office for the transport of patrol bicycles on Sheriff's Office vehicles.

18    4.16    A similar bike rack is used by the Vancouver Police Department.

19    4.17    Below is a true and correct copy of the bike rack used recently by the

20  Vancouver Police Department.

COMPLAINT AND DEMAND
NO.                                              6
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC



1

2       4.18   Below is a true and correct photo of Mr. Klug's vehicle with the bike

3   rack installed, as it appeared at all times relevant in this case.



4

ANGUS LEE
LAW FIRM, PLLC

*First Seizure in Retaliation for Speech*

4.19    On 8/23/2017, Mr. Klug was parked at a gas station in Clark County Washington, putting fuel in his SUV, and checking the oil.

4.20    Deputy Jack Phan drove over to Mr. Klug and questioned Mr. Klug.

4.21    At that time, Deputy Phan was in a fully marked Clark County Sheriff's Office Patrol vehicle.

4.22    At that time, Deputy Phan was also in full uniform.

4.23    At the time, Deputy Phan had been a Sheriff's Deputy for less than three years.

4.24    Mr. Klug responded to Deputy Phan by telling him that he did not need any assistance from the deputy.

4.25    Deputy Phan continued to question and press Mr. Klug.

4.26    Mr. Klug responded by rhetorically asking Deputy Phan if it was "a fucking crime to fuel a fucking vehicle?"

4.27    Deputy Phan took offense to Mr. Klug's rhetorical question and Mr. Klug's use of profanity towards Deputy Phan.

4.28    Deputy Phan told Mr. Klug to "drive safe" and departed from the immediate area of Mr. Klug.

4.29    Deputy Phan's tone when making the above statement was both sarcastic and threatening.

ANGUS LEE
LAW FIRM, PLLC

1    4.30   When Deputy Phan departed the immediate area, he staged around the

2    corner of the fuel station, where he waited for Mr. Klug to drive from the fuel station

3    so that he could initiate a traffic stop on Mr. Klug and detain him.

4    4.31   Deputy Phan had no basis in law or fact to detain Mr. Klug.

5    4.32   Deputy Phan knew at the time that he had no lawful basis to detain Mr.

6    Klug.

7    4.33   Deputy Phan intended to detain Mr. Klug entirely out of a desire to

8    retaliate against Mr. Klug for Mr. Klug's earlier profanity and rhetorical questioning.

9    4.34   Deputy Phan had previously seen other vehicles using the same Yakima

10   bike rack as Mr. Klug, but had never issued an infraction to any driver for using said

11   bike rack.

12   4.35   A few minutes later, Mr. Klug drove from the fuel station.

13   4.36   Deputy Phan pulled behind Mr. Klug, activated his patrol vehicle's

14   emergency overhead lights, and initiated a traffic stop of Mr. Klug.

15   4.37   Deputy Phan would not have detained, and thereby seized, Mr. Klug

16   but for Mr. Klug's earlier speech.

17   4.38   At 05:25:04 AM, on 8/23/2017, Deputy Phan called into dispatch that

18   he was stopping Mr. Klug for having an "obscured plate."

19   4.39   However, neither the front license plate, nor the rear license plate, on

20   Mr. Klug's vehicle was obscured.

COMPLAINT AND DEMAND
NO.                                          9
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

4.40    In fact, each number and letter on the rear license plate was visible to Deputy Phan while Deputy Phan was interacting with Mr. Klug at the gas station.

4.41    Each number and letter on the rear license plate was also visible to Deputy Phan while Deputy Phan was behind Mr. Klug initiating the traffic stop.

4.42    Despite Deputy Phan's claim of an obstructed license plate, Deputy Phan provided Mr. Klug's full license plate number to dispatch only nineteen (19) seconds after Deputy Phan called in the vehicle for obstructed plates.

4.43    The relay of the plate number for Mr. Klug's vehicle from Deputy Phan to dispatch occurred at 05:25:23 AM.

4.44    Mr. Klug was detained by Deputy Phan for approximately twenty (20) minutes.

4.45    Mr. Klug recognized the stop for the retaliation it was, and asked to speak with a supervisor.

4.46    Mr. Klug also called 911 for assistance.

4.47    At 05:38:36, Deputy Phan told dispatch that Mr. Klug was "not LEO friendly."

4.48    Deputy Phan also told dispatch that Klug "is very confrontational."

4.49    Deputy Phan filed a citation in Clark County District Court alleging that Mr. Klug was in violation of RCW 46.16A.200.7C, for having obstructed plates, thereby subjecting Mr. Klug to a fine of $228.

COMPLAINT AND DEMAND
NO.
Wednesday, October 30, 2019

10

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1      4.50   Deputy Phan wrote a report about this incident and signed it under the

2  penalty of perjury.

3      4.51   Deputy Phan's report narrative reads as follows:

I was working patrol as a Deputy Sheriff with Clark County in a marked patrol car. I observed a white male standing outside his vehicle at the Shell gas station located at 4409 NE 78th Street. As I drove south on NE Saint Johns Rd from NE 78th Street, the male appeared to make a hand gesture in the direction of my patrol car. I turned my vehicle around and made contact with him. He had the hood of his vehicle up and I asked him if he needed assistance. The male said "fuck no" and "what the fuck do you want". I told him I saw him gesture at me and wanted to see if he needed help since his hood was up. The male said "oh, is it a fucken crime to check the oil?" I said no and told him to have a nice day. I drove across the street and parked to conduct paper work.

The male got into his vehicle and drove west on NE 78th Street from the Shell gas station. As he turned onto NE 78th Street, I could see he had an obscured license plate that was blocked by a large bike rack. I initiated a traffic stop at the 2300 block of NE 78th Street.  I walked up to the vehicle (WA-492ZYJ) and the male stated "oh, now your fucking harassing me". I advised the driver I was not and stopped him because I could not read the license plate because of his bike rack. I asked the driver for his driver's license, vehicle registration, and proof of vehicle insurance. The male identified himself via a Washington State driver's license as Steven Klug. Steven had proof of vehicle insurance but was unable to provide his vehicle registration because it was under the passenger seat. Steven asked to get out and get it but I advised him not to. Steven was very animated, angry, and had a knife on the passenger seat.  After a name and vehicle check, Steven was a license driver with the vehicle registered to him in his name. I cited Steven for having an obstructed license plate. Steven was provided my name and PSN number (4672) for future reference when he talks to my supervisor. I took digital images of the obscured license plate and entered them as a file in this sector report.

COMPLAINT AND DEMAND
NO.
Wednesday, October 30, 2019

11

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1    4.52   Deputy Phan's report contains untrue information and omits relevant

2    information.

3    4.53   In truth, Mr. Klug's vehicle license plate numbers were entirely visible

4    to Deputy Phan.

5    4.54   After initiating the traffic stop, Deputy Phan called into dispatch with

6    the plate number before he even made personal contact with Mr. Klug.

7    4.55   Prior to stopping and detaining Mr. Klug on that day, Deputy Phan had

8    only previously stopped two other drivers for having an allegedly obscured license

9    plate.

10   4.56   In both cases, Deputy Phan conducted a criminal investigation after

11   detaining the driver for an alleged infraction.

12   4.57   Those cases are referenced by the Clark County Sheriff's Office using

13   numbers 16003891 and 16001688.

14   4.58   Deputy Phan uses this alleged infraction of "obscured plates" as pretext

15   to conduct criminal investigations and/or to retaliate.

16   4.59   Prior to stopping, detaining, seizing, and citing Mr. Klug for having an

17   allegedly obstructed license plate, Deputy Phan had never pulled someone over

18   simply to issue a citation for this alleged infraction of "obscured plates" without also

19   conducting a criminal investigation.

COMPLAINT AND DEMAND
NO.
Wednesday, October 30, 2019

12

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1    4.60   This stop, detention, seizure, and infraction citation, were all in

2    retaliation for Mr. Klug's earlier statements towards Deputy Phan.

3    4.61   Deputy Phan would not have initiated this traffic stop, but for Mr.

4    Klug's earlier statements.

5    4.62   At no point has Deputy Phan ever issued an infraction for an alleged

6    violation of RCW 46.16.200(7)(c) based on the use of a bike rack.

7    4.63   Every year the deputies of the Clark County Sheriff's Office

8    collectively issue thousands of citations for infractions.

9    4.64   Every year, only a handful of people are issued citations by deputies of

10   the Clark County Sheriff's Office for an alleged violation of RCW 46.16.200(7)(c).

11   4.65   At no point has any deputy at the Clark County Sheriff's Office issued

12   an infraction for an alleged violation of RCW 46.16.200(7)(c) based on the use of a

13   bike rack.

14   ***Conspiracy Between Defendants***

15   4.66   On or about 8/30/2017, multiple deputies from the Clark County

16   Sheriff's Office surrounded Mr. Klug while he was sitting in his SUV while parked

17   in front of his home.

18   4.67   At that time, Mr. Klug was about to leave to go to the gym to work out.

19   4.68   The deputies surrounded Mr. Klug.

ANGUS LEE
LAW FIRM, PLLC

1   4.69   The deputies had no basis in fact or law to contact, detain, surround, or

2   harass Mr. Klug.

3   4.70   Mr. Klug demanded to speak with a supervisor.

4   4.71   Shortly after the deputies surrounded and intimidated Mr. Klug the

5   deputies left the area.

6   4.72   On 9/5/2017, Mr. Klug filed a request to contest the infraction

7   previously issued by Deputy Phan.

8   4.73   On 9/15/2017, Deputy Dan Brown entered Mr. Klug into the local law

9   enforcement system using a Be On the Look Out (BOLO) entry.

10   4.74   In the BOLO entry, Deputy Dan Brown wrote:

11   Steven Klug has been contacted multiple times by law enforcement
12   recently.  Each time he has been very aggressive and instantly demands
13   a supervisor.  He has made vague threats to use force against deputies
14   during each interaction.  He openly carries 2 large "bowie" style knives
15   in his vehicle.  There is no probable cause for Steven at this time.  Use
16   caution when approaching/contacting Steven.

17   4.75   The BOLO entry ends with "----------OFFICER SAFETY---------."

18   4.76   Deputy Brown's statement that Mr. Klug has "made vague threats to

19   use force against deputies during each interaction" is false.

20   4.77   Deputy Brown knew that the above statement was false when he wrote

21   it.

COMPLAINT AND DEMAND
NO.                                                                14
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1    4.78   Deputy Brown's statement that Mr. Klug "has been very aggressive" is

2    false.

3    4.79   Deputy Brown knew that the above statement was false when he wrote

4    it.

5    4.80   Deputy Brown's BOLO entry into the local law enforcement system

6    directly impacted the way Mr. Klug is viewed by members of local law enforcement.

7    4.81   At the time Deputy Brown made the BOLO entry into the system, he

8    knew that if law enforcement officers contacted Mr. Klug in the future for any

9    purpose, the officers would be notified by dispatch that Mr. Klug was a risk to the

10   officer's safety.

11   4.82   At the time Deputy Brown placed the BOLO in the system, he knew

12   that officers who were advised Mr. Klug was an officer safety risk would treat him

13   differently because of the BOLO entry.

14   4.83   At the time Deputy Brown placed the BOLO in the system, he knew

15   that officers who were advised Mr. Klug was an officer safety risk would approach

16   Mr. Klug as though he was a potential danger to them.

17   4.84   Deputy Brown knew that by labeling Mr. Klug as an officer safety risk

18   it would increase the likelihood that force would be used on Mr. Klug by officers in

19   any future interactions.

COMPLAINT AND DEMAND
NO.                                            15
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1    4.85   Deputy Brown's statements exposed Mr. Klug to danger when dealing

2  with law enforcement by making law enforcement view him as a threat to their

3  safety.

4    4.86   The BOLO is a public record and viewable upon request by anyone.

5    4.87   The BOLO entry is not true and is harmful to Mr. Klug's reputation

6  with law enforcement and the public.

7    4.88   Deputy Brown and Deputy Phan have a close relationship.

8    4.89   Deputy Brown and Deputy Phan attended the police academy together

9  and they graduated together in mid-2015.

10    4.90   Deputy Brown and Deputy Phan started field training together at the

11  Clark County Sheriff's Office together.

12    4.91   Below is a photo of Deputy Brown, Deputy Agar, Deputy Phan, when

13  they were sworn in as deputies by Sheriff Atkins.



14

COMPLAINT AND DEMAND
NO.                                                                    16
Wednesday, October 30, 2019

ANGUS LEE
LAW FIRM, PLLC

*No Corrective Action by Command*

4.92   Mr. Klug reported Deputy Phan's abuse of authority to Deputy Phan's supervisors at the Clark County Sheriff's Office, including Sheriff Atkins.

4.93   No corrective action was taken by Deputy Phan's supervisors at the Clark County Sheriff's Office.

4.94   No investigation was conducted by any of Deputy Phan's supervisors at the Clark County Sheriff's Office.

*Mr. Klug Exercised His Right to Protest the Infraction*

4.95   On 10/2/2017, Mr. Klug mailed in to the Clark County District Court a notice that he contested the infraction issued by Deputy Phan for the allegedly obstructed license plate.

4.96   On 10/12/2017, a letter was sent for the Clark County District Court to Mr. Klug notifying him that his payment was due by 11/13/2017.

4.97   On 10/28/2017, Mr. Klug signed a check to the Clark County District Court for full payment on the infraction issued by Deputy Phan.

4.98   On the payment information sheet sent in with the check, he protested the infraction and sought redress by expressing his views on the infraction, and his disapproval of the treatment he had received thus far, by writing that in his view the case was "extortion resulting from the hostile and terrorist, criminal actions committed against [Mr. Klug] by Jack Phan and her terrorist thugs."

COMPLAINT AND DEMAND NO.
Wednesday, October 30, 2019

17

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1    4.99   He also attempted to appeal the infraction, by writing that he wanted

2    his payment refunded.

3    4.100 His letter was sent priority mail through the U.S. Postal Service, with

4    his name and address on the return address.

5    4.101 His letter had a USPS tracking number.

6    4.102 Adrianne Phillips, a clerk at the Clark County District Court, opened

7    Mr. Klug's earlier letter and believed there was some unidentified powder inside.

8    4.103 District Court Program Coordinator Nicole Dewitz called Mr. Klug and

9    left him a voicemail asking him to contact the court.

10   4.104 According to Ms. Dewitz, Mr. Klug called her back and stated the

11   powder must have been cinnamon and/or turmeric, as he regularly mixes those two

12   spices to make a pre-workout drink, and he may have accidentally spilled some when

13   writing the letter.

14   4.105 While speaking on the phone with a clerk at the Clark County District

15   Court, Mr. Klug was told that his check would not be accepted and he would still

16   need to provide payment in the amount of $228.

17   4.106 Mr. Klug was further told by the clerk that he could pay over the phone

18   with a credit card.

ANGUS LEE
LAW FIRM, PLLC

1        4.107 Mr. Klug paid $228 (plus a processing fee of $6.95) to the Clark County

2  District Court by providing his credit card information to a clerk at the Clark County

3  District Court over the phone.

4        4.108 The Clark County District Court provided a receipt to Mr. Klug for full

5  payment in the amount of $234.95.

6        4.109 After Ms. Dewitz spoke with Mr. Klug, she advised the Clark County

7  Sheriff's Office that she spoke to Mr. Klug, that he explained it was only cinnamon

8  and turmeric, and that he apologized for any confusion.

9        4.110 Deputy Polen responded to the Clark County District Court on

10  11/1/2017.

11        4.111 The first deputy from the Clark County Sheriff's Office to deal with the

12  cinnamon and turmeric letter was Deputy Mike Polen.

13        4.112 Deputy Polen noted in his report that Mr. Klug "has an officer safety

14  BOLO" for being "aggressive and threatening towards LE," and "is becoming a

15  safety concern."

16        4.113 The Clark County Sheriff's Office sent the envelope and letter to the

17  Federal Bureau Investigations (FBI) for analysis.

18        4.114 The FBI found nothing toxic in the envelope, or on the letter, and took

19  no action.

COMPLAINT AND DEMAND
NO.
Wednesday, October 30, 2019

19

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1    4.115 The FBI findings were made available to Deputy Jared Stevens at some

2    point prior to 12/7/2017.

3    ***Arrest Without Probable Cause***

4    4.116 On 12/7/2017, during hours of darkness, Deputy Jared Stevens and

5    multiple other deputies from the Clark County Sheriff's Office went to Mr. Klug's

6    home and seized him without probable cause of any crime.

7    4.117 At that time, Mr. Klug was in his SUV and about to leave his home and

8    go to work.

9    4.118 Deputy Jared Stevens wrote the following in his report:

10   Due to information that Steven was often armed with knives and his
11   confrontational with law enforcement, I called for additional units and
12   advised Steven he was under arrest, to show me his hands and to remain
13   seated in the vehicle. Additional units arrived and Steven was ordered
14   to exit the vehicle and keep his hands above his head.

15   4.119 Mr. Klug never physically resisted any action by the deputies on

16   12/7/2017.

17   4.120 Mr. Klug never made any statements suggesting he would physically

18   resist any action by the deputies on 12/7/2017.

19   4.121 The deputies drew handguns and pointed them at Mr. Klug.

20   4.122 He was seized and handcuffed.

21   4.123 Once in handcuffs, Mr. Klug was cooperative and agreed to a recorded

22   interview with Deputy Stevens.

COMPLAINT AND DEMAND
NO.                                    20
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1      4.124 Mr. Klug answered all questions asked by Deputy Stevens.

2      4.125 At the conclusion of the interview of Mr. Klug by Deputy Stevens,

3  Stevens arrested Mr. Klug and booked Mr. Klug in into the Clark County jail.

4      4.126 Deputy Stevens did not allow Mr. Klug to use Mr. Klug's mobile phone

5  to call his employer to advise them he would not be at work.

6      4.127 When Deputy Stevens booked Mr. Klug into jail there was not probable

7  cause to believe that Mr. Klug had committed any crime.

8      4.128 Deputy Stevens was not required to book Mr. Klug into jail for any

9  offense that Deputy Stevens alleges Mr. Klug committed.

10     4.129 Deputy Stevens did not consult with any prosecutor or deputy

11 prosecutor before he arrested Mr. Klug.

12     4.130 Deputy Stevens could have called a deputy prosecutor at the Clark

13 County Prosecutor's Office before he arrested Mr. Klug to obtain an opinion on

14 probable cause.

15     4.131 Instead of arresting Mr. Klug and placing him in jail, Deputy Stevens

16 could have submitted his report to the Clark County Prosecutor's Office for review

17 and charges.

18     4.132 In other cases, Deputy Stevens has exercised his discretion to not make

19 an arrest and instead submit his case report to the Clark County Prosecuting

COMPLAINT AND DEMAND
NO.                                          21
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1    Attorney's Office for review and charging of any offense where deemed appropriate

2    by the Clark County Prosecutor's Office.

3        4.133 Deputy Stevens decision to arrest Mr. Klug was based at least in part

4    on the above BOLO entry by Deputy Brown regarding Mr. Klug.

5        4.134 Deputy Stevens decision to arrest Mr. Klug was based at least in part

6    on Mr. Klug's statements to Deputy Phan.

7        4.135 Deputy Stevens decision to arrest Mr. Klug was based at least in part

8    on his belief that Mr. Klug was not friendly to law enforcement officers.

9        4.136 Deputy Stevens chose to arrest and book Mr. Klug after 5:00 PM so

10   that Mr. Klug would be forced to remain in jail overnight before Mr. Klug could see

11   a judge.

12       4.137 Deputy Stevens filed a probable cause affidavit along with his arrest on

13   12/7/2017.

14       4.138 When Deputy Stevens filed his probable cause affidavit he knew that

15   the FBI had analyzed the powder in the letter and envelope sent by Mr. Klug and

16   had found that the substance was not toxic.

17       4.139 When Deputy Stevens filed his probable cause affidavit he knew that

18   the FBI had analyzed the powder in the letter sent by Mr. Klug and had found that

19   the substance was turmeric and cinnamon.

20       4.140 The result of the FBI testing was exculpatory information.

COMPLAINT AND DEMAND
NO.                                                    22
Wednesday, October 30, 2019

ANGUS LEE
LAW FIRM, PLLC

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    4.141 Deputy Stevens did not include in his probable cause affidavit the fact

2    that he knew that the FBI had analyzed the powder in the letter and envelope sent by

3    Mr. Klug and had found that the substance was not toxic.

4    4.142 Instead, Deputy Stevens wrote in his probable cause affidavit that the

5    envelope contained a "suspicious red powder" and "unknown red/orange powder."

6    4.143 When Deputy Stevens submitted his probable cause affidavit he knew

7    that the court and prosecutors would rely on his affidavit when determining if Mr.

8    Klug should be charged with a crime and/or held in custody.

9    4.144 When Deputy Stevens submitted his probable cause affidavit it was his

10   hope, desire, and goal, to have Mr. Klug charged with a felony offense.

11   *Jail*

12   4.145 The Clark County Jail is not staffed sufficiently for inmate health and

13   safety.

14   4.146 Sheriff Atkins is aware that the jail is not staffed sufficiently for inmate

15   health and safety.

16   4.147 The Clark County jail regularly houses more inmates than it was

17   designed to hold.

18   4.148 Sheriff Atkins is aware that the jail regularly houses more inmates than

19   it was designed to hold.

COMPLAINT AND DEMAND
NO.                                          23
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1     4.149 While detained in the Clark County Jail, Mr. Klug was denied food and

2     water.

3     4.150 Mr. Klug was held in the jail overnight.

4     4.151 Mr. Klug was forced to remove all of his clothing and change into jail

5     inmate clothing.

6     4.152 Mr. Klug was seen in open court the morning after the day of his arrest.

7     4.153 When Mr. Klug appeared in open court he was forced to wear a jail

8     inmate uniform, slippers, and shackles on his wrists and ankles.

9     4.154 Clark County Superior Court Judge Lewis reviewed Deputy Stevens'

10     report and ruled that there was no probable cause upon which to arrest Mr. Klug or

11     hold him in custody.

12     4.155 Judge Lewis ordered that Mr. Klug was to be released from the Jail.

13     4.156 Mr. Klug was released from the Clark County Jail later that day.

14     4.157 No criminal charges were ever brought against Mr. Klug in relation to

15     this matter.

16     4.158 The Clark County Prosecuting Attorney's Office reviewed the reports

17     and probable cause statement written by Deputy Stevens and declined to file any

18     criminal charges.

19     4.159 Upon release from the Clark County Jail, Mr. Klug checked his blood

20     pressure and found that it was 190/90.

COMPLAINT AND DEMAND
NO.                  24
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1  4.160 Mr. Klug's usual blood pressure reading at the time was 120/65.

2  4.161 After Mr. Klug was released from the Clark County Jail he was sick for

3  three weeks.

4  4.162 Prior to Defendants' actions, Mr. Klug had faith in law enforcement

5  and felt he could safely drive anywhere in the United States of America.

6  4.163 Mr. Klug's faith has been shattered by his seizure, and later arrest.

7  4.164 Mr. Klug has suffered unlawful detention, seizure, arrests, harassment,

8  excessive force, and bullying, by members of the Clark County Sheriff's Office,

9  along with embarrassment, emotional distress, and physical illness.

10  4.165 The misconduct by the above members of the Sheriff's Office was in

11  response to Mr. Klug's exercise of Mr. Klug's rights under the First Amendment to

12  the United States Constitution.

13  ***Conspiracy Between Defendants***

14  4.166 The defendants Jack phan, Dan Brown, and Jared Stevens conspired

15  together to violate the due process and other civil rights of Mr. Klug and to have Mr.

16  Klug charged with a crime which Mr. Klug did not commit and which the defendants

17  should have recognized Mr. Klug did not commit.

18  4.167 The investigation conducted by the defendants and their actions taken

19  thereon were taken in bad faith or, in the alternative, negligently.

COMPLAINT AND DEMAND
NO.                                                    25
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

4.168 The intent of the defendants from the beginning of their investigation to arrest Mr. Klug and have him charged with a crime.

4.169 Defendants attempted to have criminal charges filed against Mr. Klug by the Clark County Prosecutor's Office, but failed.

***No Patrol Vehicle or Body-Worn Cameras***

4.170 In November of 2014, the Washington State Attorney General issued a formal opinion that Washington State law does not required police departments to obtain the consent of a law enforcement officers to use body cameras attached to police uniforms.  AGO 2014 No. 8.

4.171 Sheriff Atkins has authority to issue body cameras to officers employed by the Clark County Sheriff's Office.

4.172 Sheriff Atkins has not implemented the use of body cameras at the Clark County Sheriff's Office.

4.173 Sheriff Atkins has not issued body cameras to any deputies at the Clark County Sheriff's Office.

4.174 Sheriff Atkins has not mandated the use of body cameras by deputies at the Clark County Sheriff's Office.

4.175 No deputy at the Clark County Sheriff's Office uses body cameras.

4.176 Sheriff Atkins has not implemented the use of patrol vehicle cameras at the Clark County Sheriff's Office.

COMPLAINT AND DEMAND
NO.
Wednesday, October 30, 2019

26

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    4.177 Sheriff Atkins has not issued patrol vehicle cameras to the Clark County

2  Sheriff's Office deputies.

3    4.178 Sheriff Atkins has not mandated the use of patrol vehicle cameras by

4  deputies at the Clark County Sheriff's Office.

5    4.179 None of the patrol vehicles at the Clark County Sheriff's Office are

6  equipped with cameras.

7    4.180 The Clark County Sheriff's Office was placed on notice by the Clark

8  County Prosecutor's Office that a Clark County Superior Court Judge held that there

9  was not probable cause to arrest Mr. Klug.

10    4.181 The Clark County Sheriff's Office and the Sheriff ratified the initial

11  detention and seizure of Mr. Klug by Deputy Phan when it took no action to

12  discipline or retrain Deputy Phan after Mr. Klug's complained about the seizure by

13  Deputy Phan.

14    4.182 The Clark County Sheriff's Office and the Sheriff ratified the arrest of

15  Mr. Klug without probable cause by Deputy Stevens when it took no action to

16  discipline or retrain Deputy Stevens after it learned that a court had ruled that there

17  was not probable cause to support the arrest of Mr. Klug.

COMPLAINT AND DEMAND
NO.                                      27
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

*Notice of Claim*

4.183 On or about 4/30/2019, a notice required under RCW 4.96 et. seq. was given to the County of Clark, regarding the federal and state law claims pleaded in this complaint.

## V.    FIRST CAUSE OF ACTION
### FOURTH AMENDMENT VIOLATION
### DETENTION, SEIZURE, AND ARREST WITHOUT PROBABLE CAUSE
### (42 U.S.C. § 1983 *et seq*.)
### (JACK PHAN) (DAN BROWN) (JARED STEVENS)

5.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

5.2    Defendants Jack Phan, Dan Brown, and Jared Stevens recklessly, knowingly, intentionally, willfully and wantonly detained, seized, and arrested  Mr. Klug, by acting with knowledge that Mr. Klug was innocent of any crimes or infractions and without probable cause in violation of his 4th Amendment protections provided to him and every other citizen in the United States Constitution.  This protection is made available to the states by virtue of the 14th Amendment to the United States Constitution.

5.3    The defendants conspired together to violate the due process and other civil rights of the plaintiff and to detain, seize, and arrest him for a crime which he did not commit and which the defendants should have recognized he did not commit.

COMPLAINT AND DEMAND
NO.                                            28
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1  5.4   Probable cause never existed for the arrest of Mr. Klug.

2  5.5   At all times, defendants Jack Phan, Dan Brown, and Jared Stevens

3  knew Mr. Klug was innocent.

4  5.6   Defendants Jack Phan, Dan Brown, and Jared Stevens were acting

5  under color of state law in their actions and omissions which occurred at all times

6  relevant to this action.

7  5.7   The acts and/or omissions of Defendants Jack Phan, Dan Brown, and

8  Jared Stevens, including the policies, customs, and/or actual practices described

9  above, were the legal and proximate cause of Mr. Klug's wrongful arrest, causing

10  Mr. Klug's injuries as described herein.

11  5.8   As a proximate result of Defendants Jack Phan, Dan Brown, and Jared

12  Stevens', violation of the Plaintiff's constitutional rights, Mr. Klug suffered and will

13  continue to suffer damages in the amount to be proven at trial.

14  5.9   The conduct of Defendants Jack Phan, Dan Brown, and Jared Stevens

15  also subjects them to punitive damages in an amount to be proven at trial.

16  **VI.   <u>SECOND CAUSE OF ACTION</u>**
17  **FIRST AND FOURTH AMENDMENT VIOLATION**
18  **DETENTION, SEIZURE, AND ARREST**
19  **IN RETALIATION FOR PROTECTED SPEECH**
20  **(42 U.S.C. § 1983 *et seq.*)**
21  **(JACK PHAN) (DAN BROWN) (JARED STEVENS)**

COMPLAINT AND DEMAND
NO.                                        29
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

6.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

6.2    Defendants Jack Phan, Dan Brown, and Jared Stevens recklessly, knowingly, intentionally, willfully and wantonly detained, seized, and arrested  Mr. Klug, by acting with knowledge that Mr. Klug was innocent of any crimes or infractions and without probable cause in violation of his 4th Amendment protections provided to him and every other citizen in the United States Constitution.

6.3    The defendants conspired together to violate the due process and other civil rights of the plaintiff and to detain, seize, and arrest him for a crime which he did not commit and which the defendants should have recognized he did not commit.

6.4    Defendant Jack Phan, Dan Brown, and Jared Stevens' detention, seizure, and arrest of Mr. Klug was in retaliation for Mr. Klug's exercise of Mr. Klug's right to free speech.

6.5    Probable cause never existed for the arrest of Mr. Klug.

6.6    At all times, Defendants Jack Phan, Dan Brown, and Jared Stevens knew Mr. Klug was innocent.

6.7    The detention, seizure, and arrest of Mr. Klug was in retaliation for Mr. Klug's exercise of Mr. Klug's right to free speech.

6.8    Mr. Klug would not have been arrested but for his protected speech.

ANGUS LEE
LAW FIRM, PLLC

1    6.9    Even if there was a basis to arrest Mr. Klug, otherwise similarly situated

2    individuals not engaged in the same sort of protected speech have not been arrested.

3    6.10   Defendants Jack Phan, Dan Brown, and Jared Stevens were acting

4    under color of state law in their actions and omissions which occurred at all times

5    relevant to this action.

6    6.11   The acts and/or omissions of each Defendant Jack Phan, Dan Brown,

7    and Jared Stevens, including the policies, customs, and/or actual practices described

8    above, were the legal and proximate cause of Mr. Klug's wrongful arrest, causing

9    Mr. Klug's injuries as described herein.

10   6.12   As a proximate result of Defendants Jack Phan, Dan Brown, and Jared

11   Stevens', violation of the Plaintiff's constitutional rights, Mr. Klug suffered and

12   will continue to suffer damages in the amount to be proven at trial.

13   6.13   The conduct of Defendants Jack Phan, Dan Brown, and Jared Stevens

14   also subjects them to punitive damages in an amount to be proven at trial.

15   **VII.   THIRD CAUSE OF ACTION**
16   **EXCESSIVE FORCE**
17   **(42 U.S.C. § 1983 *et seq*.)**
18   **(JARED STEVENS)**

19   7.1    Plaintiffs hereby restates and incorporates by reference all paragraphs

20   of this Complaint as if fully set forth herein.

COMPLAINT AND DEMAND
NO.                                                                        31
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1    7.2    Defendant Jared Stevens and others used excessive force when they

2    arrested Mr. Klug.

3    7.3    As a proximate result of Defendant Jared Stevens', violation of the

4    Plaintiff's constitutional rights, Mr. Klug suffered and will continue to suffer

5    damages in the amount to be proven at trial.

6    7.4    The conduct of defendant Jared Steven also subjects him to punitive

7    damages in an amount to be proven at trial.

## VIII. FOURTH CAUSE OF ACTION
### FAILURE TO DISCLOSE EXCULPATORY EVIDENCE
### (42 U.S.C. § 1983 *et seq*.)
### (JARED STEVENS)

8.1    Plaintiff hereby restates and incorporates by reference all paragraphs of

this Complaint as if fully set forth herein.

8.2    Further, Defendant Jared Stevens failed to disclose known exculpatory

evidence to Mr. Klug and the court during the course of the court proceedings

against Mr. Klug as a result of his arrest by Deputy Stevens.

8.3    Defendant Jared Stevens was acting under color of state law in their

actions and omissions which occurred at all times relevant to this action.

8.4    As a proximate result of Defendant Jared Stevens', violation of the

Plaintiff's constitutional rights, Mr. Klug suffered and will continue to suffer

damages in the amount to be proven at trial.

COMPLAINT AND DEMAND
NO.    32
Wednesday, October 30, 2019

ANGUS LEE
LAW FIRM, PLLC

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

1    8.5    The conduct of defendant Jared Stevens also subjects him to punitive

2    damages in an amount to be proven at trial.

3    **IX.    FIFTH CAUSE OF ACTION**
4    **MONELL CLAIM**
5    **(42 U.S.C. § 1983 *et seq.*)**

6    9.1    Plaintiff hereby restates and incorporates by reference all paragraphs of

7    this Complaint as if fully set forth herein.

8    9.2    Defendants Chuck Atkins and Clark County failed to properly train its

9    officers on matters of probable cause for arrest, procedures for arrest, obligations to

10    disclose exculpatory evidence, and use of force, with such deliberate indifference

11    that it violated the constitutional rights of Mr. Klug's as set forth in this complaint.

12    9.3    Sheriff Chuck Atkins is the chief policy officer and decision maker for

13    the Clark County Sheriff's Office.  He was aware of the fact that Deputy Jared

14    Stevens was found by the court to have made an arrest of Mr. Klug without probable

15    cause, and he took no action to discipline or retrain Deputy Jared Stevens.

16    9.4    Sheriff Chuck Atkins was aware that Deputy Jared Stevens detained

17    and arrested Mr. Klug without probable cause.  Sheriff Chuck Atkins took no action

18    against Deputy Jared Stevens and ratified Deputy Jared Stevens' unconstitutional

19    conduct through action or inaction.

COMPLAINT AND DEMAND
NO.
Wednesday, October 30, 2019

33

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

9.5    As a direct result of Sheriff Chuck Atkins's conduct, both he and the Clark County have violated Mr. Klug's constitutional rights causing Plaintiff to suffer damages that will be made more certain at trial.

9.6    The conduct of defendants above also subjects them to punitive damages in an amount to be proven at trial.

## X.    SIXTH CAUSE OF ACTION
### FALSE ARREST AND FALSE IMPRISONMENT
**(State Law)**
**(JACK PHAN) (DAN BROWN) (JARED STEVENS)**

10.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

10.2    Defendants falsely arrested and detained Mr. Klug without any legal cause and against his will.

10.3    As a result of Defendants' violations, Plaintiff suffered and will continue to suffer damages to be proven at trial.

## XI.    SEVENTH CAUSE OF ACTION
### OUTRAGE
**(State Law)**
**(JACK PHAN) (DAN BROWN) (JARED STEVENS)**

11.1    Plaintiff hereby restates and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

11.2    Defendants recklessly, unlawfully, and without probable cause, arrested Mr. Klug in view of a public street, which is extreme and outrageous.

COMPLAINT AND DEMAND
NO.
Wednesday, October 30, 2019

34

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

1    11.3   Defendants intended to cause, or were in reckless disregard of the

2    probability that their conduct would cause, severe emotional distress to Mr. Klug.

3    11.4   Said actions were undertaken with malice, willfulness, and with

4    reckless indifference to the rights of the Mr. Klug.

5    11.5   Defendant's actions resulted in severe emotional distress and anguish

6    to Mr. Klug.

7    11.6   The acts and/or omissions of including the policies, customs, and/or

8    actual practices described above, were the legal and proximate cause of Mr. Klug's

9    wrongful arrest and prosecution, causing  Mr. Klug injuries as described herein.

10    11.7   As a result of Defendants' violations, Mr. Klug suffered and will

11    continue to suffer damages to be proven at trial.

12    ## XII.   DAMAGES AND PRAYER FOR RELIEF

13    12.1   As a proximate result of Defendants' conduct, Mr. Klug suffered

14    damages in the form of economic losses, non-economic loss, personal injuries,

15    emotional distress, embarrassment, loss of reputation, loss of enjoyment of life and

16    humiliation, in an amount presently unknown and to be made more certain at the

17    time of trial, as well as incurring attorney fees and other losses.

18    12.2   WHEREFORE, Mr. Klug prays for damages as previously mentioned,

19    together with other equitable relief, costs of this action and reasonable attorneys'

ANGUS LEE
LAW FIRM, PLLC

1   fees, prejudgment interest on any lost wages or liquidated sums, punitive damages

2   and any other relief as this Court deems equitable and just.

3   ### XIII.  JURY DEMAND

4   13.1   Mr. Klug is entitled to and hereby demands trial by a jury.

5   DATED Wednesday, October 30, 2019.

6   ANGUS LEE LAW FIRM, PLLC

7   *S// D. Angus Lee*
8   D. Angus Lee, WSBA# 36473
9   Attorneys for Steven Klug
10   Angus Lee Law Firm, PLLC
11   9105A NE HWY 99 Suite 200
12   Vancouver, WA 98665
13   Phone: 360.635.6464 Fax: 888.509.8268
14   E-mail: Angus@AngusLeeLaw.com

COMPLAINT AND DEMAND
NO.                                          36
Wednesday, October 30, 2019

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

I certify that on this date I mailed a copy of the document to which this is affixed by U.S. mail, postage prepaid, to:

DATED Wednesday, October 30, 2019 at Vancouver, Washington.

_____

D. Angus Lee

COMPLAINT AND DEMAND NO.
Wednesday, October 30, 2019

37

9105A NE HWY 99, STE 200
Vancouver, WA 98665
(P) 360-635-6464 (F) 888-509-8268

ANGUS LEE
LAW FIRM, PLLC