UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN KLUG, <br><br> Plaintiff, <br><br> v. <br><br> CLARK COUNTY, et al. <br><br> Defendants. | CASE NO. C19-6031 BHS-JRC <br><br> ORDER ADOPTING REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge, Dkt. 42, and Plaintiff Steven Klug's objections to the R&R, Dkt. 44.

## I. BACKGROUND

Klug brings claims pursuant to 42 U.S.C. § 1983 against three Clark County Sheriff officers—Defendants John Phane, Dan Brown, and Jared Stevens—as well as Clark County and the Clark County Sheriff (Chuck Atkins), alleging violations of his First, Fourth, and Fourteenth Amendment rights. Dkt. 1. He also brings state law claims for the torts of outrage and false imprisonment/false arrest. *Id.*

The set of events giving rise to this case began in August 2017, when Klug stopped for fuel early in the morning. As he was looking under his hood, Defendant Phane approached him and asked if he needed assistance. Klug responded with a vulgar epitaph essentially telling Phane to mind his own business. Phane withdrew but did not retreat and waitied for Klug to drive out of the gas station. Phane then followed Klug and noticed that part of Klug's license plate was obscured by his vertical bicycle rack. Phane activated his emergency overhead lights, pulled Klug over, and wrote Klug a ticket for an obscured license plate—a citation he otherwise never issued from 2017 to 2019.

A few weeks later in September 2017, Defendant Brown (who was friends and co-workers with Phane) was patrolling Klug's neighborhood at around 2:00 a.m. That morning, Klug had left his house, taken out the trash, and then gotten into his car to go to his local gym, only to find himself surrounded by several patrol cars with their emergency lights activated. Brown states that he was investigating yelling he purportedly heard somewhere in the neighborhood, though this is uncorroborated. Klug was detained for several minutes while officers conducted a search of his vehicle, and the officers eventually withdrew. All the while, Phane was in another vehicle a block away monitoring the events on his vehicle's computer.

Klug was not happy. After unsuccessfully disputing the ticket he received from Phane, he posted a check to the local District Court to pay for his citation containing a strangely colored power. Klug set some sort of deadline and wrote that this was a "final opportunity" for the District Court to return his money. The powder was harmless but, understandably, considered a threat.

Defendant Stevens, who was generally aware of Klug's previous encounters with law enforcement and was advised that Klug regularly carried knives, arrested Klug on charges of intimidating a public servant. Stevens conducted a "high-risk" vehicle stop, with his gun drawn to make the arrest, and, according to Klug, pointed his gun at Klug during the arrest. Several other units arrived on the scene, and Klug was ordered to exit the vehicle with his hands up. Klug was arrested and jailed overnight until a Clark County superior court judge released him based on a finding of no probable cause to arrest.

Klug thus brought suit against the three Clark County Sheriff deputies, Clark County, and the Clark County Sheriff in October 2019. On December 1, 2020, Defendants moved for summary judgment. Dkt. 30. On March 3, 2021, Judge Creatura issued the instant R&R recommending that the Court grant Defendants' motion as to Defendants Phane, Stevens, Clark County, and Atkins (Clark County Sheriff) but deny the motion as to Defendant Brown. Dkt. 43. On March 19, 2021, Klug untimely filed objections to the R&R.[1] Dkt. 44. On April 8, 2021, Defendants responded to Klug's objections. Dkt. 46.

---

[1] Pursuant to the R&R, the parties were given fourteen days to file objections. *See* Dkt. 43 at 29 (citing, *inter alia*, 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)). Objections were thus due by March 17, 2021, and Klug did not file his objections until March 19, 2021. But Defendants are not prejudiced in the Court's consideration of Klug's objections as they were able to timely respond.

## II. DISCUSSION

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Klug raises six objections to the R&R, *see* Dkt. 44 at 3, but only provides specific objections to the R&R's conclusions that the *Heck* doctrine precludes his claims against Phane and that Stevens arrested Klug with probable cause. "Courts are not obligated to review vague or generalized objections to an R&R; a petitioner must provide specific written objections." *Ybarra v. Martel*, No. 09CV1188-LAB AJB, 2011 WL 613380, at *1 (S.D. Cal. Feb. 11, 2011). The Court will only consider the specific objections as to the *Heck* doctrine's applicability and Stevens's probable cause.

### A. Claims against Phane

Klug alleges that Phane violated his First and Fourth Amendment rights when Phane pulled him over and cited him for an obscured license plate. The R&R concluded that Klug's claims against Phane are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Dkt. 42 at 6–9. The *Heck* doctrine states that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

512 U.S. at 486–87 (emphasis in original). As noted in the R&R, this principle applies to traffic infractions not resulting in incarceration—like the infraction Phane issued to Klug— with equal force as it applies to sentences of imprisonment. Dkt. 42 at 7 (citing, *inter alia*, *Dauven v. Oregon*, No. CIV.01-173-JE, 2001 WL 34736645, at *1 (D. Or. May 18, 2001) (dismissing claims regarding a traffic infraction under *Heck*), *aff'd*, 44 F. App'x 255 (9th Cir. 2002)). The R&R thus concluded that *Heck* bars Klug's claims against Phane because he has not sought invalidation of his traffic citation in state court.

Klug objects to this conclusion, arguing that his First Amendment retaliation claim was not at issue in the underlying traffic citation. Dkt. 44 at 4–5. In support of his argument, Klug cites *Smith v. City of Hemet*, 394 F.3d 689 (9th Cir. 2005), in which the Ninth Circuit held that a § 1983 action for excessive use of force was not barred by *Heck* because the excessive force may have been used against the plaintiff after he engaged in the conduct that constituted the basis for his conviction. *Id.* at 698. But *Smith* only bolsters the R&R's conclusions that *Heck* bars Klug's claims against Phane.

Klug's theory for his claims against Phane is essentially that Phane only cited him for an obscured license plate based upon their interaction at the gas station. Unlike in *Smith* where the challenged police conduct occurred *after* the plaintiff engaged in conduct giving rise to his conviction, the challenged conduct here necessarily implies the invalidity of the traffic infraction. *See Smith v. Ball*, 278 F. App'x 739, 741 (9th Cir. 2008); *Berger v. Brandon*, No. 2:08-cv-01688-GEB-EFB, 2008 WL 5101338, at *1 (E.D. Cal. Dec. 3, 2008) (concluding that *Heck* barred a retaliation claim that an officer stopped plaintiff without probable cause). The R&R thus correctly concluded that *Heck* bars

Klug's claims against Phane because he has not sought to invalidate the underlying infraction.

The Court therefore adopts the R&R as to this issue.

**B.     Claims against Stevens**

Klug asserts that Defendant Stevens violated his First and Fourth Amendment rights because Stevens did not have probable cause, was retaliating against him, and used excessive force during the arrest. The R&R concluded that Klug cannot maintain any of his claims against Stevens. Klug only challenges the R&R's conclusion that Stevens did have probable cause to arrest Klug for intimidation of a public servant. Dkt. 44 at 7–9. However, his objections are verbatim arguments that Judge Creatura considered in issuing the R&R. *Compare* Dkt. 36 at 39–41 *with* Dkt. 44 at 7–9. Objections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge. *See, e.g.*, *Fix v. Hartford Life & Accident Ins. Co.*, CV 16–41–M–DLC–JCL, 2017 WL 2721168, at *1 (D. Mont. June 23, 2017) (collecting cases).

The Court therefore adopts the R&R as to this issue.

## III.     ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1)     The R&R is **ADOPTED**;

(2)     Defendants' motion for summary judgment, Dkt. 30, is **GRANTED in part** and **DENIED in part**;

(3) The Clerk shall terminate Phan, Stevens, Atkins, and Clark County as Defendants; and

(4) The parties shall submit a joint status report no later than **June 25, 2021** on available trial dates.

Dated this 24th day of May, 2021.

BENJAMIN H. SETTLE
United States District Judge